**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDUS MARKETING, INC., TODD HOLMES, RICHARD HEISE, NATALIE STRICKLER, JON NELSON, and TIMOTHY MCNERNEY<br><br>Defendants. | ) | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers") for its Complaint for Declaratory Judgment against Defendants Liquidus Marketing, Inc. ("Liquidus"), Todd Holmes ("Holmes"), Richard Heise ("Heise"), Natalie Strickler ("Strickler"), Jon Nelson ("Nelson"), and Timothy McNerney ("McNerney") states as follows:

### Preliminary Statement

1. This is a declaratory judgment action, pursuant to 28 U.S.C. §§2201 and 2202, in which Travelers seeks a declaration of its contractual obligations to defend and indemnify Liquidus, Holmes, and Heise (the "Liquidus Parties") with respect to three related lawsuits filed against them in Illinois state courts.

2. Specifically, Travelers seeks a declaration that it has no duty to defend or indemnify the Liquidus Parties in connection with lawsuits in which Strickler, Nelson and McNerney (the "Claimants"), former employees of Liquidus, seek past due commissions that the Liquidus Parties allegedly withheld from them. The three underlying lawsuits are considered to be related pursuant to the terms of the claims-made Travelers employment practices liability

policy under which the Liquidus Parties seek coverage (the "Policy"), and as such are deemed a single **Employment Claim**[1] first made when the earliest of them was served. As an **Employment Claim** must be first made during the **Policy Period**, among other things, in order to trigger the Policy's coverage, and the three suits are not **Employment Claims** made during the **Policy Period**, the Policy does not afford coverage for the three suits.

**Parties**

3. Travelers is an insurance company incorporated in Connecticut and having its principal place of business in Hartford, Connecticut. Travelers is, therefore, a citizen of Connecticut.

4. Defendant Liquidus is a Delaware corporation with its principal place of business located in Chicago, Illinois, and is a therefore a citizen of Delaware and Illinois. Liquidus is a technology company engaged in the business of offering digital marketing solutions.

5. Defendant Holmes is an individual who, upon information and belief, is domiciled in Illinois, and is, therefore, a citizen of Illinois.

6. Defendant Heise is an individual who, on information and belief, is domiciled in Illinois and is, therefore, a citizen of Illinois.

7. Defendant Strickler is an individual who, on information and belief, is domiciled in Missouri and is, therefore, a citizen of Missouri. Strickler is named as a Defendant in this action because she may claim an interest in the Policy in light of her prosecution of an underlying suit against the Liquidus Parties.

8. Defendant Nelson is an individual who, on information and belief, is domiciled in Illinois and is, therefore, a citizen of Illinois. Nelson is named as a Defendant in this action

[1] Terms appearing in bold are defined in the Policy.

because he may claim an interest in the Policy in light of his prosecution of an underlying suit against the Liquidus Parties.

9. Defendant McNerney is an individual who, on information and belief, is domiciled in Illinois and is, therefore, a citizen of Illinois. McNerney is named as a Defendant in this action because he may claim an interest in the Policy in light of his prosecution of an underlying suit against the Liquidus Parties.

## Jurisdiction and Venue

10. Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Federal subject matter jurisdiction is also invoked pursuant to the declaratory judgment provisions of 28 U.S.C. §§2201 and 2202.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 because a substantial part of the events giving rise to this action occurred in this district, four of the five individual Defendants are, on information and belief, residents of this district, the underlying transactions between the Liquidus Parties and Strickler, Nelson and McNerney occurred in this district, and the Travelers insurance policy at issue was delivered to Liquidus in this district.

## The Insurance Policy

12. The Policy is a Wrap+ Insurance Policy that Travelers issued to Liquidus under Policy No. 106575617, effective August 15, 2019 through December 7, 2019, which was canceled effective December 7, 2019 for non-payment of premium. A true and correct copy of the Policy is attached to and incorporated in this Complaint as **Exhibit A**.

13. The Policy provides, in relevant part, as follows with respect to insurance coverage for employment practices liability:

I. *INSURING AGREEMENT*

A. The Company will pay on behalf of the **Insured**, **Loss** for any **Employment Claim** first made during the **Policy Period**, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period, for a **Wrongful Employment Practice**.

B. If ITEM 5 of the Declarations indicates that Third Party Claim Coverage is applicable, the Company will pay on behalf of the **Insured**, **Loss** for any **Third Party Claim** first made during the **Policy Period**, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period, for a **Third Party Wrongful Act**.

***

14. **Employment Claim** is defined in the Policy, in relevant part, as a "civil proceeding *commenced by service* of a complaint or similar pleading…against an **Insured** by or on behalf of or for the benefit of a **Claimant**…" (emphasis added).

15. **Claimant** is defined in the Policy, in relevant part, as "a past, present or future **Employee** of or applicant for employment with the **Insured Organization**…."

16. **Employee** is defined in the Policy, in relevant part, as a "natural person whose labor or service is engaged by and directed by the **Insured Organization** and … who is on the payroll of the **Insured Organization**…."

17. **Insured** is defined in the Policy to include the **Insured Organization**.

18. **Insured Organization** is defined in the Policy to include the **Named Insured**, Liquidus.

19. **Related Wrongful Acts** is defined in the Policy as "all **Wrongful Acts** that have as a common nexus, or are causally connected by reason of, any fact, circumstance, situation, event or decision."

20. **Wrongful Acts** is defined in the Policy, in relevant part, as "a **Wrongful Employment Practice** occurring in the course of or arising out of a **Claimant's** employment, application for employment or performance of services with the **Insured Organization**."

21. **Wrongful Employment Practice** is defined in the Policy, in relevant part, as "any actual or alleged…breach of an **Employment Agreement**…employment-related misrepresentation…" and "also means the violation of responsibilities, duties or obligations imposed on an **Insured** under any **Wage and Hour Law**."

22. The Policy also contains the following condition:

> **H. RELATED CLAIMS**
>
> All **Claims** or **Potential Claims** for **Related Wrongful Acts** will be considered as a single **Claim** or **Potential Claim**, whichever is applicable, for purposes of this Liability Policy. All **Claims** or **Potential Claims** for **Related Wrongful Acts** will be deemed to have been made at the time the first of such **Claims** or **Potential Claims** for **Related Wrongful Acts** was made whether prior to or during the **Policy Period**, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period

23. All three underlying lawsuits brought by the Claimants contain allegations of **Related Wrongful Acts,** i.e. **Wrongful Acts** that have as a common nexus, and are causally connected by reason of, facts, circumstances, situations, events or decisions. In each lawsuit, the claimants allege facts, circumstances, situations and decisions concerning Liquidus' alleged failure to pay earned commission owed to former or current employees before, during and after its sale to Fusion92, another marketing technology company, in August 2019. As such, the lawsuits are deemed to be a single **Claim** made at the time the first **Claim** was made, on December 21, 2019, when the complaint in the Strickler Lawsuit was served on a Liquidus Party.

## COUNT I

**No Duty to Defend or Indemnify - Strickler Suit**
**(Liquidus Parties and Strickler)**

24. Travelers realleges and restates paragraphs 1 through 23 of this Complaint as this paragraph 24, as if fully set forth here.

25. On September 24, 2019, Strickler filed a lawsuit in the Circuit Court of Cook County, Illinois originally captioned *Natalie Strickler v. Liquidus Marketing, Inc., an Illinois corporation, Todd Holmes, an individual, and Richard Heise, an individual*, Case No. 2019 L 010492 (the "Strickler Suit"), which remains pending at this time.[2] A true and correct copy of the current operative pleading filed in the Strickler Suit, an amended complaint dated February 6, 2020 (the "Strickler Amended Complaint") is attached to this Complaint as **Exhibit B**.

26. The original complaint filed in the Strickler Suit was first served on a Liquidus Party on December 21, 2019, after the Policy terminated.

27. In the Strickler Amended Complaint, Strickler seeks damages in connection with Liquidus' alleged failure to compensate Strickler for commission earned in 2019 while Liquidus was being acquired by Fusion92. In the Strickler Amended Complaint, Strickler asserts two causes of action for violations of the Illinois Wage Payment and Collection Act and the Missouri Merchandising Practices Act, and for breach of employment contract. Strickler seeks recovery of $79,146.00 in past due commissions plus interest, attorneys' fees and costs, 2% monthly penalties, and an additional amount as though she were still earning commissions (under a count for violation of the Missouri Merchandising Practices Act).

[2] Richard Heise was dismissed from the Strickler Suit on February 6, 2020, without prejudice.

28. The Liquidus Parties requested that Travelers defend and indemnify them in connection with the Strickler Suit, and Travelers has disclaimed any obligation to defend or indemnify for the Strickler Suit.

29. An actual and justiciable controversy exists between the parties with respect to Travelers' obligations for defense and/or indemnity in connection with the pending Strickler Suit.

30. Travelers has no obligation to defend the Strickler Suit because it is an **Employment Claim** first made after the **Policy Period**.

31. Because Travelers has no duty to defend the Strickler Suit, it can have no duty to indemnify in connection with the suit.

WHEREFORE, Plaintiff Travelers Casualty and Surety Company of America respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

a. Find and declare that the Policy does not provide coverage for the Strickler Suit;

b. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to defend the Liquidus Parties in connection with the Strickler Suit;

c. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to indemnify the Liquidus Parties in connection with the Strickler Suit; and

d. Grant such other relief as the Court may deem just and proper.

## COUNT II

### No Duty to Defend or Indemnify – Nelson Suit
### (Liquidus Parties and Nelson)

32. Travelers realleges and restates paragraphs 1 through 31 of this Complaint as this paragraph 32, as if fully set forth here.

33. On November 26, 2019, Nelson filed a lawsuit in the Circuit Court of Cook County, Illinois, captioned *Jon Nelson v. Liquidus Marketing, Inc., an Illinois corporation, Todd Holmes, an individual, and Richard Heise, an individual*, Case No. 2019 L 013058 (the "Nelson Suit"), which remains pending at this time. A true and correct copy of the complaint filed in the Nelson Suit (the "Nelson Complaint") is attached as **Exhibit C**.

34. In the Nelson Suit, Nelson seeks damages in connection with Liquidus' alleged failure to compensate him for commission earned in 2019 while it was being acquired by Fusion92. In the Nelson Complaint, Nelson asserts causes of action for violation of the Illinois Wage Payment and Collection Act and a breach of his employment contract. Nelson seeks $65,625.00 in past due commissions plus interest, attorneys' fees and costs, and 2% per month in penalties.

35. The **Wrongful Acts** alleged in the Strickler Suit and the Nelson Suit have as a common nexus, and are causally connected by, the Liquidus sale to Fusion92, and the Liquidus Parties' alleged decisions not to pay earned commissions to current or former employees of Liquidus, among other things. Accordingly, the suits are **Claims** for **Related Wrongful Acts** and considered as a single **Claim**, deemed to have been made on December 21, 2019, when the earliest of them, the original complaint in the Strickler Suit, was served.

36. Alleging in the alternative, in the event the Court were to determine that the Nelson Suit and the Strickler Suit do not allege **Related Wrongful Acts**, the Nelson Suit is an **Employment Claim** first made on December 21, 2019, when the Nelson Complaint was first served on a Liquidus Party.

37. The Liquidus Parties requested that Travelers defend and indemnify them in connection with the Nelson Suit, and Travelers has disclaimed any obligation to defend or indemnify for the Nelson Suit.

38. An actual and justiciable controversy exists between the parties with respect to Travelers' obligations for defense and/or indemnity of the Liquidus Parties in connection with the pending Nelson Suit.

39. Travelers has no obligation to defend the Liquidus Parties in connection with the Nelson Suit because it is an **Employment Claim** first made after the **Policy Period**.

40. Because Travelers has no duty to defend the Liquidus Parties in the Nelson Suit, it can have no duty to indemnify the Liquidus Parties in connection with the suit.

WHEREFORE, Plaintiff Travelers Casualty and Surety Company of America respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

a. Find and declare that the Policy does not provide coverage for the Nelson Suit;

b. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to defend the Liquidus Parties in connection with the Nelson Suit;

c. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to indemnify the Liquidus Parties in connection with the Nelson Suit; and

d. Grant such other relief as the Court may deem just and proper.

## COUNT III

### No Duty to Defend or Indemnify – McNerney Suit
### (Liquidus Parties and McNerney)

41. Travelers realleges and restates paragraphs 1 through 31 of this Complaint as this paragraph 41, as if fully set forth here.

42. On November 21, 2019, McNerney filed a lawsuit in the Circuit Court of Cook County, Illinois, captioned *Timothy McNerney v. Liquidus Marketing, Inc., Todd Holmes, and Richard Heise*, Case No. 2019 11 34651 (the "McNerney Suit"), which remains pending at this time. A true and correct copy of the complaint filed in the McNerney Suit (the "McNerney Complaint") is attached as **Exhibit D**.

43. In the McNerney Suit, McNerney seeks damages in connection with Liquidus' alleged failure to compensate him for commission earned in 2019 while it was being acquired by Fusion92. In the McNerney Complaint, McNerney asserts causes of action for violation of the Illinois Wage Payment and Collection Act and a breach of his employment contract. McNerney seeks $11,500.00 in past due commissions plus interest, attorneys' fees and costs, and 2% per month in penalties.

44. The **Wrongful Acts** alleged in the Strickler Suit, the Nelson Suit and the McNerney Suit have as a common nexus, and are causally connected by, the Liquidus sale to Fusion92, and the Liquidus Parties' alleged decisions not to pay earned commissions to current or former employees, among other things. Accordingly, the suits are **Claims** for **Related Wrongful Acts** and considered as a single **Claim**, deemed to have been made on December 21, 2019, when the relevant pleadings in the Strickler Suit and the Nelson Suit, respectively, were served.

45. Alleging in the alternative, in the event the Court were to determine that the McNerney Suit, the Strickler Suit, and/or the Nelson Suit do not allege **Related Wrongful Acts**, the McNerney Suit is an **Employment Claim** first made on January 12, 2020, when the McNerney Complaint was first served on a Liquidus Party.

46. The Liquidus Parties requested that Travelers defend and indemnify them in connection with the McNerney Suit, and Travelers has disclaimed any obligation to defend or indemnify for the McNerney Suit.

47. An actual and justiciable controversy exists between the parties with respect to Travelers' obligations for defense and/or indemnity of the Liquidus Parties in connection with the pending McNerney Suit.

48. Travelers is not obligated to defend or indemnify the Liquidus Parties in connection with the McNerney Suit because it is an **Employment Claim** first made after the **Policy Period**.

49. Because Travelers has no duty to defend the Liquidus Parties in the McNerney Suit, it can have no duty to indemnify the Liquidus Parties in connection with the suit.

WHEREFORE, Plaintiff Travelers Casualty and Surety Company of America respectfully requests that this Court adjudicate and declare the rights of the parties, and that the Court:

a. Find and declare that the Policy does not provide coverage for the McNerney Suit;

b. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to defend the Liquidus Parties in connection with the McNerney Suit;

c. Find and declare that pursuant to the Policy's terms and conditions, Travelers has no obligation to indemnify the Liquidus Parties in connection with the McNerney Suit; and

d. Grant such other relief as the Court may deem just and proper.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

By: /s/ Christopher J. Bannon
Christopher J. Bannon (ARDC # 6196298)
Nicole Miller (ARDC # 6324360)
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave., Suite 1700
Chicago, IL 60611
(312) 755-3175
cbannon@adglaw.com
nmiller@agdglaw.com

*Attorneys for Travelers Casualty and Surety Company of America*

4829-2032-8659, v. 2